UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

W-O MARINE PTE LTD., f/k/a
ANDORRA SHIPPING PTE LTD.,

          Plaintiff,

- against -

FUELNATION INC.,

          Defendant.

------------------------------------------------------------X

07 CV _____
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, W-O MARINE PTE LTD., f/k/a ANDORRA SHIPPING PTE LTD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, FUELNATION INC. (hereinafter "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the disponent Owner of the "NORONHA SEA" (hereinafter the "Vessel").

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of the state of Florida and was at all material times the Charterer of the Vessel.

4. Pursuant to a charter party dated October 28, 2006, Plaintiff chartered the Vessel to Defendant.

5. Disputes arose between the parties regarding Defendant's failure to pay hire due and owing under the charter party contract.

6. As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $644,728.43, exclusive of interest, arbitration costs and attorney's fees.

7. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

8. Despite due demand Defendant has failed to pay the amounts due and owing under the charter party.

9. As a result, Plaintiff is currently preparing to commence arbitration against the Defendant on its claim.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $644,728.43 |
| B. | Estimated interest on claim:<br>3 years at 9.25%,[1] compounded semi-annually | $204,325.00 |
| C. | Estimated attorneys' fees and arbitration expenses: | $150,000.00 |
| **Total** | | **$999,053.43** |

11. The Defendant cannot be found within this District within the meaning of

---

[1] Clause 9(b) of the charter party provides that interest on all amounts due but not paid on the due date shall accrue from the day after the due date up to and including the day of payment is made at the per annum rate of 1% above the U.S. Prime Interest Rate as published by Chase Manhattan Bank in New York at 12:00 New York time on the due date. Interest to be compounded semi-annually on the basis of a 360 day year of 12, 30 day months.

2

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express

3

Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of **$999,053.43** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
      February 23, 2007

                    The Plaintiff,
                    W-O MARINE PTE LTD., f/k/a ANDORRA
                    SHIPPING PTE LTD.

By: _____
                    Nancy R. Peterson (NP 2871)
                    Patrick F. Lennon (PL 2162)
                    TISDALE & LENNON, LLC
                    11 West 42nd Street, Suite 900
                    New York, NY 10036
                    (212) 354-0025 – phone
                    (212) 869-0067 – fax
                    npeterson@tisdale-lennon.com
                    plennon@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss.:  City of New York
County of New York )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, New York
         February 23, 2007

_____
Patrick F. Lennon