UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
W-O MARINE PTE LTD., f/k/a
ANDORRA SHIPPING PTE LTD.,

                Plaintiff,

07 CV _____
ECF CASE

- against -

FUELNATION INC.,

                Defendant.
------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                         )   ss: SOUTHPORT
County of Fairfield   )

Nancy R. Peterson, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

2. FuelNation is a U.S. publicly traded marketer of petroleum products. The transfer agent for FuelNation's common stock is Continental Stock Transfer and Trust Company located at 17 Battery Place, 8th Floor, New York, New York 10004.

3. I have attempted to locate the Defendant, FUELNATION INC., within this District. As part of my investigation to locate the Defendant within this District, I checked the New York State Department of Corporations' online database which showed no listing or registration for the Defendant.

TISDALE & LENNON    Fax:203-254-1641    Feb 23 2007 10:20am P013/020

4. FuelNation claims in a press release dated March 7, 2006 that it has opened an office in New York.

5. However, I checked Fuel Nation's web site under the heading "Locations" and the only locations listed were West Palm Beach, FL, Lexington, KY and Manama, Bahrain.

6. I also checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web.

7. There is a phone listing for FuelNation. Its phone number is listed as (212) 541-3735. The operator stated that FuelNation's address is listed as 445 Park Ave, New York, NY. However, upon calling this number it was revealed that FuelNation has no employees there.

8. Specifically, I called FuelNation's New York phone number above and spoke to a woman who identified herself as Arlene Cruz.

9. Upon being questioned, she indicated that FuelNation's employees were not located there. In addition, she stated that FuelNation's employees did not stop by or visit her location at Park Avenue.

10. She stated that FuelNation receives mail at the 445 Park Ave, New York address, but is not located there. She stated that she was merely part of an answering service and did not have any other contact information for any employees of Fuel Nation.

11. Her attempts to connect me to an employee were not successful.

12. She stated that the forwarding numbers were not working.

13. In addition, I called FuelNation's Florida office multiple times. However, every extension I tried connected me to a voice mailbox.

14. Defendant's phone listing and forwarding service does not satisfy the two-prong test used to determine "presence" in the district under Rule B.

-2-

15. Under the two-prong test, Defendant "must not only be able to accept process, but . . . must also be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agency authorized to accept service." *VTT Vulcan Petroleum, S.A., v. Langham-Hill Petroleum, Inc.*, 684 F. Supp. 389, 390 (S.D.N.Y 1988)(internal citations omitted)(holding that a foreign corporation who closed its business in New York but retained its registration to do business there with the New York Secretary of State could not be found within the district under Rule B because of insufficient contacts).

16. I submit that Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

17. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within the District in the hands of, ABN Amro, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A.

18. This is Plaintiff's first request for this relief made to any Court.

**WHEREFORE**, the Plaintiff respectfully requests that the Court authorize the issuance of process in the form of a Writ of Maritime Attachment and Garnishment seeking attachment and garnishment of Defendant's tangible and intangible property within this District in the hands of ABN Amro, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A.

Dated: February 23, 2007
       Southport, CT

                                              _____
                                              Nancy R. Peterson

Sworn and subscribed to before me
This 23rd day of February, 2007.

_____
Notary Public
Commission Expires
Nov. 30, 2011

-4-