**JUDGE SWAIN**                    **07 CV 1348**

Swain, jr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
W-O MARINE PTE LTD., f/k/a
ANDORRA SHIPPING PTE LTD.,

                Plaintiff,

- against -

FUELNATION INC.,

                Defendant.
---------------------------------------------------------X

07 CV _____
ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/07

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on February 23, 2007 Plaintiff, W-O MARINE PTE LTD., f/k/a ANDORRA SHIPPING PTE LTD., filed a Verified Complaint herein for damages amounting to **$999,053.43** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., in an amount up to and including $999,053.43, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

2

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: February 23, 2007

**SO ORDERED:**

_____ 2/23/07
U.S.D.J.   Part I

**07 CV 1348**

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 23rd day of February 2007 by

**W-O MARINE PTE LTD.,
f/k/a ANDORRA SHIPPING PTE LTD.,**

Plaintiff,

against

**FUELNATION INC.,**

Defendant,

in a certain action for breach of maritime contract and indemnity wherein it is alleged that there is due and owing from the Defendant to the said Plaintiff the amount of **$999,053.43** and praying for process of maritime attachment and garnishment against the said Defendant,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of New York, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A.

to wit:: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

**FUELNATION INC.**

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this 23 day of February 2007, and of our Independence the two-hundred and thirty-first.

Tisdale & Lennon, LLC
Attorneys for Plaintiff
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025

J. MICHAEL McMAHON
Clerk

By: BENNY WONG
Deputy Clerk

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*