UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
W-O MARINE PTE LTD., f/k/a                          :
ANDORRA SHIPPING PTE LTD.,                          :
                                                    :        07 Civ. 1348 (LTS)(DCF)
                            Plaintiff,              :
                                                    :        ECF CASE
            - against -                             :
                                                    :
FUELNATION INC.,                                    :
                                                    :
                            Defendant.              :
-------------------------------------------------------------------X

## PRELIMINARY PRE-TRIAL STATEMENT

Pursuant to the Court's Order dated March 12, 2007, the parties hereby submit a preliminary pre-trial statement with regard to the above-captioned matter.

### A. Nature of the action

This is a satellite action to obtain security for a maritime claim being arbitrated in London. Pursuant to the Federal Arbitration Act, Plaintiff seeks security of $644,728.43 to satisfy an anticipated arbitral award.

### B. Subject-matter jurisdiction

It is undisputed that the action concerns an admiralty or maritime claim, and that consequently the Court has subject-matter jurisdiction under 28 U.S.C. §1333.

### C. Material uncontested facts

It is undisputed that:

1. In October 2006 the Plaintiff chartered the Vessel *Noronha Sea* to the Defendant.

2. Subsequently, a dispute arose between the parties concerning the amount of hire due under the contract.

3. The charter party provides for the resolution of disputes by London arbitration under English law.

4. Plaintiff has demanded arbitration in London, and a sole arbitrator has been named there.

5. On February 23, 2007, the Plaintiff commenced this action and obtained from the Court Process of Maritime Attachment and Garnishment.

6. In August 2007 an Electronic Funds Transfer in the amount of $19,985 was blocked at the Bank of America.

**D. Uncontested legal issues**

It is undisputed that:

1. The Court has subject-matter jurisdiction over the action.

2. The Court does not have personal jurisdiction over the Defendant.

3. The Defendant is not present within this District within the meaning of Supp.F.R.Civ.P. B.

**E. Legal issues to be decided**

It is disputed whether:

1. The Court has *quasi in rem* jurisdiction over property of the Defendant.

**F. Material disputed facts**

It is disputed whether:

1. The $19,985.00 attached at the Bank of America is property of the Defendant.

**G. Legal basis of cause of action**

The Plaintiff contends that under the Federal Arbitration Act, 9 U.S.C. §8, it is entitled in a maritime action to obtain security to satisfy an eventual foreign arbitral award. Such security is obtained pursuant to the procedures described in Supp.F.R.Civ.P. B.

**H. Legal basis of defense**

The Defendant contends that Rule B has not been satisfied because property of the Defendant has not been attached. Consequently, the Court lacks *quasi in rem* jurisdiction. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006)

**I. Measure of proof**

In order to maintain the attachment, Plaintiff must show that the four requirements of Rule B have been met.

**J. Amendment of pleadings/Addition of parties**

The parties do not anticipate that the pleadings will need to be amended or that there will be any changes in the parties.

**K. Magistrate judge**

The parties do not consent to the trial of the case by a magistrate judge.

**L. Automatic disclosures**

As the parties have agreed to resolve the merits of their dispute by arbitration in London, there will be no discovery in this action, including that provided by Rule 26(a), except to the extent described in the following section.

**M. Discovery**

If a) the London arbitrator finds for the Plaintiff, and b) the Defendant persists in disclaiming any interest in the attached funds, then the Plaintiff will want discovery concerning Plaintiff's relationship to the attached funds.

**N. Experts**

The parties do not anticipate the need for experts in this action.

**O. Discovery limitations**

The parties do not anticipate the need for any changes in the discovery limitations imposed under the Federal Civil Rules.

**P. Settlement**

The parties have not discussed settlement of the claim. The likelihood of settlement is contingent on developments in the London arbitration.

**Q. Trial**

Any trial in this action would be without a jury, but it is anticipated that a trial will be unnecessary. Following the London arbitration, confirmation of the award would be by motion pursuant to 9 U.S.C. §207.

**R. Other**

As further proceedings in this action are contingent on the outcome of the London arbitration, the parties respectfully request that this action be placed on the Court's suspense calendar pending the resolution of the proceedings in London.

Dated: Southport, Connecticut
      October 1, 2007

LENNON, MURPHY & LENNON, LLC
Attorneys for the Plaintiff

By: *Nancy R. Peterson / jrf*
      Nancy R. Peterson (NP 2871)
      Patrick F. Lennon (PL 2162)
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Tel: (212) 490-6050
Fax: (212) 490-6070

Dated: New York, New York
      October 1, 2007

WAESCHE, SHEINBAUM AND O'REGAN, P.C.
Attorneys for the Defendant,

By: *John Foster*
      John R. Foster (JF3635)
111 Broadway, Suite 401
New York, NY 10006
Tel: (212) 227-3550
Fax: (212) 267-5767