WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Defendant
111 Broadway, Suite 401                                    ECF CASE
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| W-O MARINE PTE LTD., etc., | 07 CV 1348 (LTS) |
| Plaintiff, | |
| -against- | |
| FUELNATION INC., | ANSWER |
| Defendant. | |

Defendant FuelNation Inc., by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., as and for its Answer to the Plaintiff's Verified Complaint herein, alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

1. With respect to the allegations contained in paragraph 1 of the Verified Complaint, this paragraph contains assertions of law as to which no response is necessary. To the extent that an answer is required, however, the Defendant admits that this action is brought under the Court's admiralty and maritime Jurisdiction pursuant to 28 U.S.C. §1333 and that it is an admiralty or maritime claim within the meaning of F.R.Civ.P. Rule 9(h).

2. With respect to the allegations contained in paragraph 2 of the Verified Complaint, the Defendant denies knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, leaves Plaintiff to its proofs.

3. With respect to the allegations contained in paragraph 3 of the Verified Complaint, the Defendant admits that it was and still is a corporation organized and existing by virtue of the laws of the State of Florida and that it chartered the vessel *Noronha Sea*, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, leaves Plaintiff to its proofs.

4. With respect to the allegations contained in paragraph 4 of the Verified Complaint, the Defendant admits that pursuant to a charter party dated October 28, 2006, Plaintiff chartered the Vessel to Defendant.

5. With respect to the allegations contained in paragraph 5 of the Verified Complaint, the Defendant admits that disputes arose between the parties regarding charter hire, but denies the truth of the remaining allegations of this paragraph.

6. With respect to the allegations contained in paragraph 6 of the Verified Complaint, the Defendant denies the truth of such allegations.

7. With respect to the allegations contained in paragraph 7 of the Verified Complaint, the Defendant admits that pursuant to the charter party all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

8. With respect to the allegations contained in paragraph 8 of the Verified Complaint, the Defendant denies the truth of such allegations.

9. With respect to the allegations contained in paragraph 9 of the Verified Complaint, the Defendant denies knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, leaves Plaintiff to its proofs.

10. With respect to the allegations contained in paragraph 10 of the Verified Complaint, the Defendant denies knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, leaves Plaintiff to its proofs.

11. With respect to the allegations contained in paragraph 11 of the Verified Complaint, the Defendant admits that it cannot be found within this District within the meaning of Supplemental Rule B, but denies the truth of the remaining allegations of this paragraph.

12. With respect to the allegations contained in paragraph 12 of the Verified Complaint, this paragraph contains assertions of law as to which no response is necessary. To the extent that an answer is required, however, the Defendant denies the truth of such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13. The Court lacks personal jurisdiction over the Defendant.

### SECOND AFFIRMATIVE DEFENSE

14. The Plaintiff has not secured within this District the attachment of any property belonging to the Defendant. Consequently, the Court lacks *quasi in rem* jurisdiction over the Defendant.

### THIRD AFFIRMATIVE DEFENSE

15. Pursuant to New York Banking Law, 4 U.C.C. §4-A-502 to §4-A-504, Electronic Fund Transfers in the hands of an intermediary bank in this District are not subject to attachment or garnishment.

## FOURTH AFFIRMATIVE DEFENSE

16. The contract between the parties contains a forum-selection clause that requires the resolution of all disputes by London arbitration.

## FIFTH AFFIRMATIVE DEFENSE

17. This District is an inconvenient forum for the parties' dispute, and the Verified Complaint should be dismissed pursuant to the principle of *forum non conveniens*.

## SIXTH AFFIRMATIVE DEFENSE

18. Plaintiff's claim is barred by the doctrine of laches, unclean hands, equitable estoppel, and other equitable defenses.

**WHEREFORE**, Defendant FuelNation Inc. demands judgment as follows:

1. Dismissing the Verified Complaint;
2. The costs and disbursements of this action; and
3. Such other, and further, relief as to this Court seems just and proper.

Dated: New York, New York
       October 9, 20007

> Waesche, Sheinbaum & O'Regan, P.C.
> Attorneys for the Defendant
>
> By: _____
>      John R. Foster
>      Attorney ID: JF3635
> 111 Broadway, 4th Floor
> New York, NY 10006
> (212) 227-3550